UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUDGE BATTS

| | |
|---|---|
| D. E. SHAW & CO., L.P., Plaintiff, - against - OCULUS PARTNERS, L.L.C., and OCULUS CAPITAL MANAGEMENT, L.P. Defendants. | Civil Action No. 05 CV 8390 COMPLAINT JURY TRIAL |

RECEIVED SEP 29 2005 U.S.D.C. S.D. N.Y. CASHIERS

Plaintiff D. E. Shaw & Co., L.P. (hereinafter referred to as "Plaintiff"), by its attorneys, Kenyon & Kenyon, as and for its Complaint against defendants Oculus Partners, L.L.C. and Oculus Capital Management, L.P. (hereinafter referred to collectively as "Defendants"), alleges as follows, upon knowledge with respect to itself and its own acts, and upon information and belief as to all other matters:

## PARTIES

1. Plaintiff is a Delaware limited partnership having a principal place of business at 120 West 45th Street, New York, NY 10036.

2. Defendant Oculus Partners, L.L.C. is a Delaware limited liability company with a place of business at 1004 Farnam Street, Suite 105, Omaha, NE 68102 (hereinafter referred to as "OP").

3. Defendant Oculus Capital Management, L.P. is a Delaware limited partnership with a registered agent located at 1209 Orange Street, Wilmington, DE 19801 (hereinafter referred to as "OCM").

## JURISDICTION AND VENUE

4. This action arises under the federal Trademark Act, 15 U.S.C. §1051 *et seq*., and related state statutes and the common law. This Court has jurisdiction under Section 39 of the Lanham Act, 15 U.S.C. §1121, and pursuant to 28 U.S.C. §1338(a) and (b). This Court has supplemental jurisdiction over all state law claims under 28 U.S.C. §1367(a), and under principles of pendent jurisdiction.

5. Venue is proper pursuant to 28 U.S.C. §1391(b) and (c) because Defendants are doing and transacting business in this Judicial District; have substantial contacts with this Judicial District; a substantial portion of the events at issue have arisen and continue to occur in this Judicial District; and Defendants have committed the tortious acts complained of herein in this Judicial District, among others.

## GENERAL ALLEGATIONS

6. Since at least as early as April 1, 2004, Plaintiff has used continuously the mark and name OCULUS, alone and/or in combination with its house mark "D. E. Shaw," as its trademark, service mark and trade name for and in connection with investment services (the "OCULUS Mark").

7. As a result of Plaintiff's continuous use of the inherently distinctive OCULUS Mark and the commercial success of its investment services under this mark, Plaintiff has achieved substantial goodwill in the OCULUS Mark. The financial industry, and more specifically the alternative investment community, has come to favorably know, recognize and identify such services bearing the OCULUS Mark as services of Plaintiff.

8. The OCULUS Mark has come to represent the valuable goodwill and reputation of Plaintiff as a provider of investment services. As a result, the financial industry, and more

specifically, the alternative investment community, has come to know that investment services marketed and/or provided under the OCULUS Mark are exclusively associated with Plaintiff.

9. Accordingly, Plaintiff owns the trademark rights to the OCULUS Mark, including without limitation, the common law trademark rights.

10. On or about March 18, 2005, OP was formed as a limited liability company in Delaware, and subsequently applied for a Certificate of Authority to register as a foreign limited liability company in Nebraska. The nature of the business listed on the application for the Certificate of Authority is "provide investment advice to a private equity fund."

11. On or about April 25, 2005, OCM was formed as a limited partnership in Delaware.

12. OP and OCM are either closely affiliated or commonly owned and are involved in financial activities in the alternative investment community, including hedge funds, private equity funds and/or possibly other alternative investments.

13. In adopting the term "Oculus" as part of their corporate names and in connection with providing investment advice to private equity funds, Defendants are using "Oculus" as a name and mark in connection with the same services as Plaintiff, namely investment services.

14. Plaintiff, among other things, creates and manages hedge funds, a type of alternative investment, and uses the OCULUS Mark in connection therewith. Examples of cover pages from materials prepared and sent by Plaintiff to members of the alternative investment community are attached as Exhibit A.

15. Defendants' activities with respect to alternative investments are targeted to the same alternative investment community as are the activities of Plaintiff. Thus, overlap within the alternative investment community between Plaintiff's OCULUS Mark and Defendants' use of "Oculus" is guaranteed.

16. The name "Oculus" used by OP and OCM is identical to Plaintiff's OCULUS Mark.

17. Use of an identical or confusingly similar mark within the same investment community is likely to cause confusion.

18. Customers familiar with Plaintiff's services would likely assume incorrectly that the services provided by Defendants originated with Plaintiff, that Plaintiff is responsible for services provided by Defendants, that there is some type of affiliation, connection or association among the parties, or that Plaintiff has sponsored, endorsed, or approved of Defendants' services.

19. In addition, customers familiar with Defendants' services would likely assume incorrectly that the services provided by Plaintiff originated with Defendants, that Defendants are responsible for services provided by Plaintiff, that there is some type of affiliation, connection or association among the parties, or that Defendants have sponsored, endorsed, or approved of Plaintiff's services.

20. Defendants' offering of alternative investment services under the "Oculus" name improperly trades off the goodwill Plaintiff has established in the OCULUS Mark, including use of Plaintiff's goodwill to attract investors to alternative investments offered by Defendants.

21. Defendants, by their acts complained of herein, have infringed Plaintiff's trade name, trademark and service mark rights in and to the OCULUS Mark; diluted the unique commercial impression of Plaintiff's OCULUS Mark; unfairly competed with Plaintiff in the marketplace, and otherwise improperly used the reputation and goodwill of Plaintiff to promote their competing services which do not originate from, and which are not affiliated, connected or associated with, or sponsored, endorsed or approved by, Plaintiff.

22. The aforesaid acts of Defendants have caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm to Plaintiff, for which Plaintiff has no adequate remedy at law.

**FIRST CLAIM FOR RELIEF**
False Designation of Origin, False Description and False Representation,
Unfair Competition and False Advertising (Federal)

23. Plaintiff repeats, reiterates and realleges each and every allegation in paragraphs 1 through 22, inclusive, of this Complaint with the same force and effect as if fully set forth herein.

24. Defendants' unlawful and improper actions as set forth above are likely to cause confusion or mistake as to the source, origin or sponsorship of Defendants' services, and/or Plaintiff's services, and to falsely mislead the alternative investment community into believing that: (i) Defendants' services originate from, are affiliated, connected or associated with, or are sponsored, endorsed or approved by, Plaintiff; and/or (ii) that Plaintiff's services originate from, are affiliated, connected or associated with, or are sponsored, endorsed or approved by, Defendants.

25. Accordingly, Defendants' activities constitute false designation of origin, false description and false representation, unfair competition and false advertising in commerce in violation of 15 U.S.C. §1125(a).

26. Defendants' acts of false designation of origin, false description and false representation, unfair competition and false advertising in commerce have caused Plaintiff to sustain monetary damage, loss and injury, in an amount to be determined at trial.

27. Defendants' acts of false designation of origin, false description and representation, unfair competition and false advertising in commerce, unless enjoined by this Court, will continue to cause Plaintiff to sustain irreparable harm, for which Plaintiff has no adequate remedy at law.

**SECOND CLAIM FOR RELIEF**
Trademark Infringement, Unfair Competition,
False Advertising and Misappropriation (Common Law)

28. Plaintiff repeats, reiterates and realleges each and every allegation in paragraphs 1 through 27, inclusive, of this Complaint with the same force and effect as if fully set forth herein.

29. Defendants' unlawful activities, as set forth above, create a likelihood of confusion or mistake as to the source, origin, sponsorship or legitimacy of the services offered or sold by Defendants; misappropriate and trade upon the fine reputation and goodwill of Plaintiff in the OCULUS Mark, thereby injuring that reputation and goodwill; and unjustly divert from Plaintiff to Defendants the benefits arising therefrom.

30. Defendants' unlawful activities constitute trademark infringement, unfair competition, false advertising and misappropriation as proscribed by the common law.

31. Defendants' acts of trademark infringement, unfair competition, false advertising and misappropriation have caused Plaintiff to sustain monetary damage, loss and injury, in amounts to be determined at trial.

32. Defendants' acts of trademark infringement, unfair competition, false advertising and misappropriation, unless enjoined by this Court, will continue to cause Plaintiff to sustain irreparable harm, for which Plaintiff has no adequate remedy at law.

**THIRD CLAIM FOR RELIEF**
Violation of New York General Business Law §360-l

33. Plaintiff repeats, reiterates and realleges each and every allegation in paragraphs 1 through 32, inclusive, of this Complaint with the same force and effect as if fully set forth herein.

34. Defendants' activities are diluting and are likely to continue diluting Plaintiff's distinctive and famous trademark. Defendants' actions also injure the business reputation of Plaintiff, in violation of Plaintiff's rights under New York General Business Law §360-l.

35. Defendants' violations of New York General Business Law §360-l have caused Plaintiff to sustain monetary damage, loss and injury, in an amount to be determined at trial.

36. Defendants' violations of New York General Business Law §360-l, unless enjoined by this Court, will continue to cause Plaintiff to sustain irreparable harm, for which Plaintiff has no adequate remedy at law.

**FOURTH CLAIM FOR RELIEF**
Violation of New York General Business Law §349

37. Plaintiff repeats, reiterates and realleges each and every allegation in paragraphs 1 through 36, inclusive, of this Complaint with the same force and effect as if fully set forth herein.

38. Defendants' acts of which Plaintiff complains herein constitute misleading acts or practices in the conduct of business, trade or commerce, or in the furnishing of services, in the State of New York.

39. Plaintiff has been injured by reason of Defendants' misleading acts or practices.

40. Defendants' aforesaid violations of New York General Business Law §349 have caused Plaintiff to sustain monetary damage, loss and injury, in an amount to be determined at the time of trial.

41. Defendants' aforesaid violations of New York General Business Law §349, unless enjoined by this Court, will continue to cause Plaintiff to sustain irreparable harm, for which Plaintiff has no adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff D. E. SHAW & CO., L.P. respectfully prays for judgment as follows:

A. For an Order granting a preliminary and permanent injunction against Defendants and each of their officers, agents, servants, employees and attorneys, and those persons acting in

concert or participation with them, who receive actual notice of the Order by personal service or otherwise:

1. Restraining Defendants from using the OCULUS Mark (however spelled, whether capitalized, abbreviated, singular or plural, printed or stylized, whether used alone or in combination with any word or words, and whether used in caption, text, orally or otherwise) or any other reproduction, counterfeit, copy, colorable imitation or confusingly similar variation of the OCULUS Mark as a trade name, trademark or service mark, brand name, company name, business or commercial designation, or as the name of any investment fund, business, vehicle or account managed by them, in connection with the offering of any investment-related services, including without limitation as a domain name, or in metatags or other Internet uses, or in any manner that suggests in any way that Defendants and/or their services or activities originate from, are affiliated, connected or associated with, or are sponsored, endorsed or approved by, Plaintiff, or that Plaintiff and/or its services or activities originate from, are affiliated, connected or associated with, or are sponsored, endorsed or approved by, Defendants;

2. Restraining and enjoining Defendants from using any other mark, term, slogan, tag line or phrase which suggests or tends to suggest in any way that Defendants and/or their activities or services originate from, are affiliated, connected or associated with, or are sponsored, endorsed, or approved by, Plaintiff, or that Plaintiff or its services or activities originate from, are affiliated, connected or associated with, or are sponsored, endorsed, or approved by, Defendants;

3. Restraining and enjoining Defendants from using in connection with any goods or services, any false or misleading designation, description or representation, whether by words or symbols, which suggests or implies any relationship with Plaintiff, or gives Defendants an unfair competitive advantage in the marketplace, or constitutes false advertising;

4. Restraining and enjoining Defendants from violating New York General Business Law §§ 360-l and 349;

5. Restraining and enjoining Defendants from engaging in any acts of common law trademark infringement, unfair competition or misappropriation which would damage or injure Plaintiff;

6. Restraining and enjoining Defendants from inducing, encouraging, instigating, aiding, abetting or contributing to any of the aforesaid acts or any third-party usage of the OCULUS Mark in connection with Defendants' businesses.

B. That in accordance with 15 U.S.C. §1118, all materials, packaging, labels, tags, pamphlets, brochures, signs, sales literature, stationery, advertisements, contracts, billboards, banners, posters, documents and the like in the possession or under the control of Defendants, and all plates, molds, matrices, negatives, masters and other means of making the same, which might, if used, violate the Order herein granted, be delivered up and destroyed as the Court shall direct.

C. That in accordance with 15 U.S.C. §1116, Defendants file with the Court and serve on counsel for Plaintiff within thirty (30) days after service on Defendants of such Order, or within such extended period as this Court may direct, a report in writing and under oath, setting forth in detail the manner and form in which Defendants have complied with the Order.

D. For an Order requiring Defendants to cancel or abandon any and all registrations or applications to register any trademarks, trade names, service marks, telephone listing, domain names, or other use of the OCULUS Mark or any colorable imitation thereof.

E. For an award of Defendants' profits or other advantages and Plaintiff's damages resulting from Defendants' unlawful acts set forth herein, in an amount to be proven at trial, together with legal interest from the date of accrual thereof.

F. For an award of treble damages, in an amount to be proven at trial, pursuant to 15 U.S.C. §1117.

G. For an award of attorneys' fees and disbursements incurred by Plaintiff in this action.

H. For an award of costs of this action.

I. That Plaintiff be awarded such other and further relief as the Court may deem equitable and proper.

WHEREFORE, Plaintiff D. E. SHAW & CO., L.P., prays that this Court grant the relief it seeks, as well as all other relief which this Court deems just and appropriate.

Dated: September 29, 2005

KENYON & KENYON

Attorneys for Plaintiff
D. E. SHAW & CO., L.P.

By: ______________________

James E. Rosini (JR 7791)
Michelle Mancino Marsh (MM 1494)
Brad M. Behar (BB 0363)
One Broadway
New York, NY 10004
(212) 425-7200 (phone)
(212) 425-5288 (fax)

Brian S. Mudge
1500 K Street NW
Washington, DC 20005
(202) 220-4200 (phone)
(202) 220-4201 (fax)

# EXHIBIT A

DE Shaw & Co

**Oculus**[SM]

D. E. Shaw Oculus Fund, L.L.C.,
D. E. Shaw Oculus International Fund

oculus@deshaw.com

Tel: +1 (212) 478-0000
Fax: +1 (212) 845-1400

April 30, 2004


## Exposure Report

- Consolidated Overview
- Historical Return Analysis

D E Shaw & Co

Oculus℠

D. E. Shaw Oculus Fund, L.L.C..
D. E. Shaw Oculus International Fund

oculus@deshaw.com

Tel: +1 (212) 478-0000
Fax: +1 (212) 845-1400

February 28, 2005



## Exposure Report

- Consolidated Overview
- Historical Return Analysis

DE Shaw & Co

**Oculus**[SM]

D. E. Shaw Oculus Fund, L.L.C..
D. E. Shaw Oculus International Fund
oculus@deshaw.com
Tel: +1 (212) 478-0000
Fax: +1 (212) 845-1400

**August 31, 2005**


## Exposure Report

- Consolidated Overview
- Historical Return Analysis